IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY BOLAR, *et. al.*,          *
                                   *
          Plaintiffs,              *
                                   *
vs.                                *  CIVIL ACTION NO. 17-00360-JB-B
                                   *
SOUTHERN INTERMODAL EXPRESS,       *
*et. al.*,                         *
                                   *
          Defendants.              *

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiffs Taurus Thompson, Timothy Bolar, Rodney Hudson, Bryan Freeman, Christopher Wrightington, Ronald Johnson, Semaj Britford, Bernard Woulard, and Kenneth Nettles be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

## I.   BACKGROUND

On August 9, 2017, Plaintiffs Timothy Bolar, William Clifton, Bryan Freeman, Oscar Gibson, Cleotho Mosley, Corwin Scott, Marcus Shack, Taurus Thompson, Semaj Britford, Henry Calhoun, and Christopher Wrightington filed a complaint against Defendants alleging overtime violations in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). On August 29, 2017, Plaintiffs

filed an amended complaint wherein Victor Coleman, Jr., Soloman Curry, Donald White, and Rodney Hudson were added as Plaintiffs. (Doc. 5). On December 12, 2017, the Court consolidated <u>Jones v. Southern Intermodal Xpress, LLC, et. al.</u>, Civil Action No. 17-00520-WS-B with the instant action. (Docs. 43, 44). Because the instant action was filed first, the <u>Jones</u> action was closed, and Reginald Jones, Bernard Woulard, and Kenneth Nettles, who were Plaintiffs in the <u>Jones</u> action became Plaintiffs in this consolidated case. On January 30, 2018, Plaintiffs filed a second motion to amend their complaint in order to add additional plaintiffs to the action. (Doc. 61). The Court granted Plaintiffs' motion on January 31, 2018 (doc. 63), and Plaintiffs Jawarren Hector and Ronald Johnson were added as parties to this action.

Between July 20, 2018 and July 25, 2018, Plaintiffs' counsel filed motions to withdraw as counsel for Plaintiffs Taurus Thompson, Timothy Bolar, Rodney Hudson, Bryan Freeman, Christopher Wrightington, Ronald Johnson, Semaj Britford, Bernard Woulard, and Kenneth Nettles on the ground that irreconcilable differences had developed between him and each of the above-referenced Plaintiffs. (Docs. 92, 93, 95, 96, 97, 98, 100, 101, 102). In an order dated August 7, 2018, the Court granted the motions to withdraw. (Doc. 108). In addition to permitting Plaintiffs' counsel to withdraw

from representing the aforementioned Plaintiffs, the Court granted those Plaintiffs leave until August 23, 2018 to retain new counsel and to have their new counsel file a written notice of appearance with this Court. (Id.). Plaintiffs were advised that if they did not retain new counsel, they were to advise the Court, in the form of a written pleading pursuant to S.D. Ala. GenLR 5(a)(4), of their intent to proceed *pro se,* no later than August 23, 2018. (Id.). Plaintiffs were cautioned that failure to timely comply with the Court's order would result in a recommendation that their claims be dismissed for failure to prosecute. The Court's order dated August 7, 2018 was sent to each of the aforementioned Plaintiffs at the addresses provided by their counsel.

Plaintiffs Taurus Thompson, Timothy Bolar, Rodney Hudson, Bryan Freeman, Christopher Wrightington, Ronald Johnson, Semaj Britford, Bernard Woulard, and Kenneth Nettles failed to comply with the Court's order dated August 7, 2018.  As a result, on August 28, 2018, the Court issued an order directing the above-referenced Plaintiffs to show cause, by September 11, 2018, why their claims should not be dismissed for failure to prosecute and obey the Court's order dated August 7, 2018. (Doc. 110). To date, the aforementioned Plaintiffs have not complied with the Court's order dated August 28, 2018. Further, their copies of the orders

have not been returned to the Court, and they did not seek additional time in which to comply.

II. **DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute.  See, e.g., Hudson v. Cardwell Corp., 2006 WL 2135791 at *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006).  While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court.  See, e.g., Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).  Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure.  See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to

4

prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

As set forth above, Plaintiffs Taurus Thompson, Timothy Bolar, Rodney Hudson, Bryan Freeman, Christopher Wrightington, Ronald Johnson, Semaj Britford, Bernard Woulard, and Kenneth Nettles have repeatedly failed to comply with the orders of this case. The record demonstrates that Plaintiffs chose to terminate their counsel and although they were afforded ample time and multiple opportunities to retain new counsel or advise the Court of their intent to proceed *pro se*, they failed to acknowledge, let alone comply with, the above-referenced orders of this Court. At this juncture, it appears that the aforementioned Plaintiffs have lost interest in this case, such that nothing short of dismissal will suffice. Accordingly, due to the aforementioned Plaintiffs' failure to comply with this Court's orders (docs. 108, 110) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED** that the claims of Plaintiffs Taurus Thompson, Timothy Bolar, Rodney Hudson, Bryan Freeman, Christopher Wrightington, Ronald Johnson, Semaj Britford, Bernard Woulard, and Kenneth Nettles be

**DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the reasons set forth herein, the undersigned **RECOMMENDS** that the claims asserted by Plaintiffs Taurus Thompson, Timothy Bolar, Rodney Hudson, Bryan Freeman, Christopher Wrightington, Ronald Johnson, Semaj Britford, Bernard Woulard, and Kenneth Nettles be **DISMISSED**.[1]

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to

---

[1] This Report and Recommendation has no bearing on the claims asserted by the remaining plaintiffs in this action.

object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **September, 2018.**

<u>      /s/ SONJA F. BIVINS      </u>
**UNITED STATES MAGISTRATE JUDGE**

7