IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OSCAR GIBSON, *et. al.*,          *
                                  *
    Plaintiffs,                   *
                                  *
vs.                               *  CIVIL ACTION NO. 17-00360-JB-B
                                  *
SOUTHERN INTERMODAL XPRESS,       *
LLC, *et. al.*,                   *
                                  *
    Defendants.                   *

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Defendant Southern Intermodal Xpress, LLC's Motion to Dismiss Plaintiff Marcus Shack for Violation of Court Order and Failure to Prosecute. (Doc. 133). For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff Marcus Shack be **DISMISSED** without prejudice for failure to prosecute and obey the Court's order.

### I.    BACKGROUND

On May 10, 2018, Defendants served Plaintiff Marcus Shack, via his counsel, with interrogatories, requests for the production of documents, and requests for admissions. Plaintiff failed to timely respond to Defendants' discovery requests. Efforts by counsel for Defendant Southern Intermodal Xpress, LLC to confer with Plaintiff's counsel to obtain Plaintiff's discovery responses

were unsuccessful.  On October 23, 2018, Defendant Southern Intermodal Xpress, LLC filed a Motion to Compel (Doc. 123), requesting that the Court compel Mr. Shack to make himself available for deposition and respond to Defendants' discovery requests.  At the status conference conducted via telephone on October 29, 2018, counsel for Southern Intermodal Xpress, LLC reported that the discovery deadline was rapidly approaching and that Plaintiff's discovery responses were overdue and had not been produced despite numerous requests to Plaintiff's counsel.  In response, Mr. Shack's counsel reported that he has made numerous attempts to contact his client regarding the outstanding discovery, but that Mr. Shack has not returned any of his telephone calls, emails, or correspondence.

On October 30, 2018, the Court entered an order granting Defendant Southern Intermodal Xpress, LLC's Motion to Compel. (Doc. 127).  The order directed Mr. Shack to fully respond to Defendants' outstanding discovery requests no later than November 5, 2018.  In the order, the Court warned that Mr. Shack's claims would be subject to dismissal without prejudice if he failed to timely comply with the order and persisted in failing to prosecute this action.  Plaintiff's counsel was ordered to send a copy of the order to Mr. Shack at his last known address.

On November 7, 2018, Southern Intermodal Xpress, LLC filed the instant motion (Doc. 133), advising that Mr. Shack failed to provide responses to Defendant's outstanding discovery requests, in disregard of the Court's order granting Defendant's Motion to Compel.  Defendant requests that Mr. Shack be dismissed as a plaintiff in this case, with or without prejudice, and further requests any other sanctions that the Court deems appropriate.

## II.  **DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute.  See, e.g., Hudson v. Cardwell Corp., 2006 U.S. Dist. LEXIS 55306, at *3, 2006 WL 2135791, at *1 (S.D. Ala. July 27, 2006).  Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure.  See, e.g., State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule.").  Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to

enforce its orders and ensure prompt disposition of legal actions."
Id.

As set forth above, Plaintiff Marcus Shack has failed to comply with his discovery obligations under the Federal Rules of Civil Procedure as well as the Court's order dated October 30, 2018. The record demonstrates that Mr. Shack has failed to timely respond to Defendant's discovery requests, in violation of the Federal Rules of Civil Procedure and the Court's order, and has failed to assist his counsel in the prosecution of this action. At this juncture, it appears that Mr. Shack has lost interest in this case, such that nothing short of dismissal of his claims will suffice. Accordingly, due to Plaintiff Marcus Shack's failure to comply with the Federal Rules of Civil Procedure governing discovery and with this Court's order dated October 30, 2018 (Doc. 127), and his failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED** that the claims of Plaintiff Marcus Shack be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no lesser sanction will suffice. See Link v. Wabash R.R., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss an action *sua sponte* for lack of prosecution); World Thrust Films,

Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995).

**III. <u>CONCLUSION</u>**

For the reasons set forth herein, the undersigned **RECOMMENDS** that the claims asserted by Plaintiff Marcus Shack be **DISMISSED** without prejudice.[1]

<u>**Notice of Right to File Objections**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.

---

[1] This Report and Recommendation has no bearing on the claims asserted by the remaining Plaintiffs in this action.

In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **December, 2018.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
